IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL DEAN SAMUELSON,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:25-CV-1050-O** |
| | § | |
| **PARKER COUNTY JAIL, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

The Court has considered the motion of Plaintiff, Michael Dean Samuelson, for appointment of counsel and concludes that the motion should be **DENIED** at this time.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, appointment of counsel is a privilege and not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). It should be allowed only in exceptional cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). "A district court has discretion to appoint counsel if doing so would advance the proper administration of justice." *Id.* The court considers a number of factors in ruling on a request for appointment of counsel under § 1915(e)(1), including (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The court should also consider whether the appointment of counsel would be a service to the plaintiff and, "perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just

determination." *Id.*

      **SO ORDERED** this **29th day** of **September, 2025.**

                    Reed O'Connor
              **CHIEF UNITED STATES DISTRICT JUDGE**