IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN SAMUELSON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 4:25-CV-1050-O |
| | § | |
| PARKER COUNTY JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER TO REPLEAD</u>

The Court has reviewed the complaint and amended complaint[1] filed by Plaintiff, Michael Dean Samuelson, and finds that he should be required to replead to identify the defendants he is suing and to state more specifically the facts upon which he bases his claims against each of them. 28 U.S.C. § 1915(e)(2) & § 1915A(b).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported

---

[1] The amended complaint is docketed as a motion for leave to amend. ECF No. 7. Leave was not required to file the amended complaint. FED. R. CIV. P. 15(a). The motion for leave is **MOOT**.

by any factual underpinnings.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right; and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

A state actor's negligent or intentional deprivation of plaintiff's property does not result in a due process violation if there exists an adequate state post-deprivation remedy. Texas provides an adequate post-deprivation remedy[2] for the taking of any property. *Mann v. Denton Cnty.*, 364 F. App'x 881, 882 (5th Cir. 2010) (citing cases). The United States Court of Appeals for the Fifth Circuit has determined that property claims raised by an inmate should be dismissed as frivolous, regardless of the theory used for bringing them. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

---

[2] The tort of conversion fulfills the requirement of an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

The law is clear that a claim for wrongful arrest or malicious prosecution is foreclosed when a neutral intermediary, such as a magistrate, justice of the peace, or grand jury, reviews the facts and allows the case to go forward. *See Trevino v. Iden*, 79 F.4th 524, 531–32 (5th Cir. 2023); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). If Plaintiff is alleging that there was no probable cause to arrest him or that Defendants maliciously instituted charges against him, it appears that the claims cannot be pursued.

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). The Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period, which in Texas is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The point at which a claim accrues, however, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." *Id.* at 388. Stated differently, under § 1983, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Claims that arose more than two years before Plaintiff filed his complaint cannot be pursued.

Even though it does not appear that Plaintiff can state a plausible claim, the Court will give him an opportunity to do so. The Court is directing the Clerk to send to Plaintiff appropriate forms to pursue an amended complaint under 42 U.S.C. § 1983. Plaintiff must complete and return the forms within 30 days to proceed with this action. He must identify each defendant and state all the material facts on which he contends he will establish his right to recover against that defendant.

3

Failure to comply with this order in any respect may lead to the dismissal of Plaintiff's claims without further notice. FED. R. CIV. P. 41(b).

**SO ORDERED** on this **17th day** of **October, 2025**.

_____

Reed O'Connor

**CHIEF UNITED STATES DISTRICT JUDGE**

4